WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wanda Waldon,<br><br>    Plaintiff,<br><br>v.<br><br>InTown Suites,<br><br>    Defendant. | No. CV-21-00419-PHX-DJH<br><br>**ORDER** |

Before the Court is Defendant InTown Suites's Rule 41 Motion for Dismissal (Doc. 10). The time for Plaintiff to respond has not yet expired, however, the Court finds a response to be unnecessary. The Motion will be denied, without prejudice to renew.

**I.  Background**

Plaintiff filed her Complaint in the Maricopa County Superior Court of Arizona on January 17, 2021 (Doc. 1-4). Defendant removed to federal court on March 11, 2021 (Doc. 1). Plaintiff's alleged claims and injuries arise out of her stay and subsequent eviction from InTown Suites. The Court recently scheduled a Rule 16 Scheduling Conference in this matter for August 17, 2021. (Doc. 12).

**II.  Legal Standards**

Rule 41(b) allows a court to dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (a court's authority to dismiss for lack of

prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Hells Canyon Pres. Council v. U .S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

**III. Discussion**

Defendant's Motion to Dismiss is based on Plaintiff's failure to meet and confer or provide required disclosure under Fed. R. Civ. P. 26. (Doc. 10 at 4). Defendant states that it last received an email response from Plaintiff on March 29, 2021, and that on June 8, 2021, Defendant received a notification from the Court that mail sent to Plaintiff was returned as undeliverable. (*Id.* at 2; Doc. 9). Defendants state that "the non-disclosures and unresponsiveness by Plaintiff have unfairly burdened Defendant from having the necessary basic information to properly defend itself in this action." (*Id.*)

As noted, the Court only recently scheduled a Rule 16 Scheduling Conference in this matter. (Doc. 12). Rule 26(a)(1)(C) states that "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order…" Thus, while it appears Defendant has seemingly

valid concerns regarding Plaintiff's willingness to met and confer regarding the lawsuit she initiated, Defendant's objections as to the timeliness of Plaintiff's nondisclosure are premature. The Court's Order setting the Rule 16 Conference (Doc. 12) imposes certain obligations on the parties, including to meet and confer at least 21 days prior to the Scheduling Conference with the Court, in part to discuss deadlines related to initial disclosures and other discovery. To the extent Plaintiff refuses to comply with her obligations under this Order or the Federal Rules, Defendant may renew its Motion at that time.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 10) is **denied** without prejudice.

**IT IS FURTHER ORDERED** advising Plaintiff that if she fails to prosecute this action, or if she fails to comply with the Federal or Local Rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

Plaintiff is again advised of the Free Self-Service Clinic at the Phoenix courthouse. For information, visit the Court's internet site at: www.azd.uscourts.gov. Proceed to the box entitled Information for Those Proceeding Without an Attorney and then the link entitled Federal Court Self-Service Center Phoenix.

**IT IS FINALLY ORDERED** that pursuant to LRCiv 83.3(d), any attorney or unrepresented party "must file a notice of a name of address change…not later than fourteen (14) days before the effective date of the change…" To the extent Plaintiff has changed her address, she must file a notice of her new address with the Court.

Dated this 24th day of June, 2021.

Honorable Diane J. Humetewa
United States District Judge